## Richmond.

### BREEDEN & OTHERS v. HANEY & OTHERS.

FEBRUARY 10, 1898.

Absent, Cardwell, J.

1. EJECTMENT—*Interlocks—Evidence of Possession Outside of Interlocks.*—
   In an action of ejectment to recover a larger tract of land, of which
   defendants claim title to two parcels or interlocks, it is not error to
   admit evidence of the possession of the plaintiff of the larger tract
   outside of the interlocks in controversy, where the plaintiff's claim
   is based on adverse possession under color of title.. He has the
   right to show the character of his possession, and it is for the jury
   to determine whether it is such as the law requires in such cases.
2. EJECTMENT—*Interlocks—Possession of Part of One of Several Inter-
   locks.*—Where two interlocks, acquired at different times from differ-
   ent persons, are claimed by a defendant in ejectment, and the plain-
   tiff's title is based on adverse possession under color of title, he
   must show that he had possession of some portion of each interlock
   for the statutory period before his title can ripen and extend to the
   whole of both interlocks.
3. EJECTMENT—*Interlocks—Possession.*—A plaintiff in ejectment relying
   on adverse possession, although he may show adverse possession of
   other portions of a tract of land, cannot recover an interlock no
   part of which was ever in his actual possession, but which has been
   for a long time, in the actual possession and enjoyment of the de-
   fendant.

Error to a judgment of the Circuit Court of Greene county,
rendered in an action of ejectment wherein the defendants in
error were the plaintiffs, and the plaintiffs in error were the de-
fendants.

*Reversed.*

*John E. Roller*, for the plaintiffs in error.

*James G. Field* and *F. M. & C. H. McMullen,* for the defendants in error.

HARRISON, J., delivered the opinion of the court.

The defendants in error instituted this action of ejectment, claiming, as tenants in common, an estate in fee simple, in a tract of land containing 49¼ acres derived by deed from Armstead Long and wife, dated November 27, 1849. They relied upon the deed from Long and wife, as color of title, and upon their adversary possession of the land for the statutory period of fifteen years.

The plaintiffs in error claimed title to two tracts or interlocks, parts of the tract of 49¼ acres, one of 21¾ acres, part of a larger tract derived from Wesley Knight, and the other 12½ acres, part of a larger tract derived from Columbus and Angus Breeden.

There was no error in admitting the testimony adduced by the defendants in error, proving possession by them of the tract of 49¼ acres outside of the interlocks in controversy. They had the right to show the character of their possession, and it was for the jury to determine, under proper instructions from the court, whether there had been such possession of the land in controversy as the law requires in such cases.

The plaintiffs in error asked for three instructions, which were given as asked for, with the following addition, by the court, to the third instruction: "If the jury believe from the evidence that the plaintiffs had adverse, exclusive, open, hostile, notorious possession of other portions of the lands within the interlock, by clearing, fencing, and enclosing the same, and that said possession was continuous for the period of fifteen years, that such possession extends to all the lands within the interlock covered by the plaintiffs' papers, and you must find for the plaintiffs."

It appears from the evidence that the two interlocks in controversy were derived from different sources, and had not been

owned by the plaintiffs in error long enough for adverse possession of part of one to extend to the whole of both in their hands. In order for the adverse posssession of part of one to extend to the whole of both, the two interlocks should have been united in the plaintiffs in error for the statutory period of fifteen years prior to the institution of this action.

Under the evidence, it was necessary that the defendants in error should have had adverse possession of some part of each of the interlocks for the statutory period of fifteen years, for their title to ripen and extend to the whole of both interlocks, and the addition to the third instruction was erroneous in not so providing.

The court is of opinion that the evidence clearly establishes the right of the defendants in error to a judgment for the interlock in controversy containing 21¾ acres.

The court is further of opinion that the defendants in error have failed to make out their case as to the interlock containing 12½ acres. It nowhere appears from the record that they ever had actual possession of any portion of that tract. On the contrary, it appears that the plaintiffs in error have been for a long time in possession of the same, with part thereof cleared, enclosed, and in cultivation, and fruit trees planted thereon. The verdict of the jury was therefore contrary to the law and the evidence in finding for the defendants in error as to the interlock containing 12½ acres, and the court erred in overruling the motion to set the same aside.

For these reasons the judgment of the Circuit Court must be reversed, the verdict of the jury set aside, and the cause remanded for a new trial to be had therein.

*Reversed.*